UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| DeCoro USA, Ltd., ) | Case No. 09-10846 |
| ) | |
| Debtor. ) | |
| ) | |
| DeCoro USA, Ltd., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary No. 09-2046 |
| ) | |
| Luca Ricci, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## OPINION AND ORDER

This adversary proceeding came before the court on the Plaintiff's Motion for Leave to Amend Complaint and to Rejoin Decofin, LLC as Defendant in These Proceedings (Docket 163)("Motion"). Having considered the Motion, the briefs submitted in support of and in opposition to the Motion and the arguments of counsel, the court concludes that the Motion should be granted in part and denied in part as follows.

(1) The Motion was filed pursuant to Rule 7015 of the Federal Rules of Bankruptcy Procedure and Rule 15 of the Federal Rules of Civil Procedure. Plaintiff seeks to rejoin[1] Decofin, LLC ("Decofin") as a party to this proceeding and to add certain claims

---

[1]Decofin was a party when this proceeding was commenced, but subsequently was voluntarily dismissed by the plaintiff pursuant to the settlement referred to in the Motion.

to those alleged in the plaintiff's First Amended Complaint. The plaintiff has filed a Second Amended Complaint which contains the amendments sought by the plaintiff.

(2) The claims alleged in Counts One through Eight of the Second Amended Complaint seek the same relief as Counts One through Eight of the First Amended Complaint. Claims One through Eight in the Second Amended Complaint contain the same allegations as contained in the First Amended Complaint, except for new allegations contained in paragraphs 31 through 40 of Count One on pages 5 and 6 of the Second Amended Complaint.

(3) Counts Nine, Ten and Eleven of the Second Amended Complaint allege new claims that were not included in the First Amended Complaint and are based upon alleged conduct on the part of the defendant ("Mr. Ricci") and Decofin that occurred subsequent to the commencement of this adversary proceeding. These new claims are based upon alleged fraud on the part of Mr. Ricci and Decofin, through Mr. Ricci, in connection with a settlement between Decofin and the plaintiff that occurred during the pendency of this proceeding, and an alleged breach of such settlement agreement. The Ninth Count is for "Defendants' Fraud in Connection with Decofin Settlement Agreement," the Tenth Count is for "Breach of Contract in Connection with Decofin Settlement Agreement" and the Eleventh Count is for "Ricci's Fraud in Connection with Decofin Settlement Agreement." These counts appear on pages 21 through 28

of the Second Amended Complaint.

(4) Count Twelve of the Second Amended Complaint, "Piercing the Corporate Veil," also is a new claim that was not contained in the First Amended Complaint. This claim seeks to pierce the corporate veil of the Debtor and possibly the Debtor's parent corporation in order to subject the assets of Mr. Ricci to the claims of the creditors of the Debtor. This count appears on pages 28 through 31 of the Second Amended Complaint.

(5) The claims alleged in Counts Thirteen, Fourteen and Fifteen of the Second Amended Complaint are for "Constructive Fraud and Resulting Trust," "Unjust Enrichment," and "Repayment of Loans and Capital Funds," respectively. These claims seek the same relief as sought in Counts Ten, Eleven and Twelve of the First Amended Complaint and contain the same allegations as alleged in the First Amended Complaint. These counts appears on pages 31 through 33 of the Second Amended Complaint.

(6) To the extent that the plaintiff is attempting to allege the new claims asserted in Counts Nine, Ten and Eleven, the motion will be treated as a motion pursuant to subsection (d) of Rule 15 which provides as follows:

> (d) Supplemental Pleadings. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating

>      a claim or defense.  The court may order that
>      the opposing party plead to the supplemental
>      pleading within a specified time.

Fed. R. Civ. P. 15.

(7) Plaintiff's request to add Counts Nine, Ten and Eleven in this proceeding falls squarely within Rule 15(d).  The pleading to be supplemented is the First Amended Complaint.  The date of that pleading is November 20, 2009.  The alleged fraudulent conduct and breach giving rise to the claims alleged in Counts Nine, Ten and Eleven occurred some 15 months later in February of 2011 and thus involves a "transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

(8) The standard generally used in deciding whether to grant leave to supplement is the same standard for deciding whether to grant or deny leave to amend, which is that leave should be freely given.  See 3 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 15.30 (3d ed. 2011).  A party may supplement a pleading pursuant to Rule 15(d) to add a claim or an additional party when subsequent events demonstrate a right to relief or the need to add an additional party.  Id.  Moreover, while the subsequent conduct or events must bear some relationship to the subject of the original pleading, there is no requirement that the subsequent events arise out of the same transaction or occurrence.  See Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995); Keith v. Volpe, 858 F.2d 467, 474 (9th Cir. 1988).

(9) With the foregoing considerations in mind, the court is satisfied that leave should be granted to allow the plaintiff to supplement the First Amended Complaint by adding the new claims contained in Counts Nine, Ten and Eleven.  The plaintiff moved promptly to seek relief once the circumstances alleged in Counts Nine, Ten and Eleven became known.  Moreover, to allow supplementation will promote judicial efficiency by avoiding the delay, expense and duplication that would be associated with requiring that a new proceeding be commenced.  Although the trial date for this proceeding is May 5, 2012, the defendants will not be unduly prejudiced by allowing this supplementation since the court has concluded that the new claims contained in Counts Nine, Ten and Eleven should be severed pursuant to Rule 21 and tried at a later date after the parties have had a reasonable time for appropriate discovery.  Accordingly, the court will grant leave to the plaintiff to supplement the First Amended Complaint by adding the claims contained in Counts Nine, Ten and Eleven of the Second Amended Complaint and rejoining Decofin as a party defendant.

(10) In order to avoid the risk of prejudice to the defendant as a result of adding the foregoing claims to this proceeding at this time, the court has concluded that the new claims contained in the Ninth, Tenth and Eleventh Counts should be severed from the other claims in this proceeding pursuant to Federal Rule 21 and tried separately.  Under Rule 21, the court, on motion or on its

own, may "sever any claim against a party." Fed. R. Civ. P. 21. A court "may sever claims under Rule 21, creating two separate proceedings, so long as the two claims are 'discrete and separate,' i.e., one claim must be capable of resolution despite the outcome of the other claim." 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2388 (3d ed. 1998). While the conduct and events involved in the new claims bear some relationship to the subject of the First Amended Complaint, the outcome of neither the old claims nor the new claims is dependent upon or controlled by the outcome of the other. The new claims thus are "discrete and separate" for purposes of Rule 21. The claims alleged in Counts Nine, Ten and Eleven therefore may be severed pursuant to Rule 21 and the court will so order.

(11) A different situation is presented by the new claim contained in Count Twelve of the Second Amended Complaint in which the plaintiff seeks to impose liability on Mr. Ricci based upon a theory involving piercing the corporate veil. This claim does not involve conduct or events that occurred subsequent to the date of the First Amended Complaint. Rather, this claim is based upon conduct that occurred prior to the commencement of this proceeding and is a claim that could have been included in the First Amended Complaint. The plaintiff did include a claim in Count Nine of the First Amended Complaint against Decofin based upon reverse piercing of the corporate veil. From those allegations and the other

allegations in the First Amended Complaint, it is apparent that the plaintiff had sufficient information to have included a claim against Mr. Ricci in the First Amended Complaint based upon piercing the corporate veil. For whatever reason, the plaintiff did not include such a claim in the First Amended Complaint. More importantly, however, the plaintiff did not seek to amend the First Amended Complaint before the deadline established by the initial pre-trial order for amending the pleadings or adding additional parties.

(12) Rule 16(b) of the Federal Rules of Civil Procedure, which is made applicable in bankruptcy cases by Rule 7016 of the Federal Rules of Bankruptcy Procedure, mandates that the judge "shall . . . enter a scheduling order that limits the time . . . (1) to join other parties and to amend the pleadings. . . ." Fed. R. Civ. P. 16. The Rule 16 scheduling order in this case requires that motions to amend be filed on or before November 20, 2009. Plaintiff's Motion was filed on March 6, 2012, more than two years after the deadline for filing such motions and only two months prior to the trial date. Rule 16 is intended to play an important role in the litigation process by providing a mechanism for scheduling the pleading, discovery and trial of cases in a manner which will promote the efficient and fair resolution of cases. If Rule 16 is to serve this important purpose, scheduling orders entered pursuant to Rule 16 must be respected. This means that the

deadlines established by Rule 16 may not be ignored by the parties or the attorneys in the case. Consistent with this policy, where a party files a motion to amend after the date specified in the scheduling order, such party "must first demonstrate that there is 'good cause' why the court should not adhere to the dates specified in the scheduling order. If the party shows 'good cause' to the court's satisfaction, the party must then demonstrate that leave to amend is proper under Federal Rule of Civil Procedure 15." Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D.N.C. 1987); see also 3 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 16.13(1)(a) (3d ed. 2011).

(13) The plaintiff has failed to show good cause for the court to disregard the deadline established by the initial pre-trial order. The diligence of the moving party is an important factor in the determination of whether "good cause" has been shown for not enforcing a Rule 16 scheduling deadline. In fact, the movant's diligence has been called the "touchstone" of good cause. Marcum v. Zimmer, 163 F.R.D. 250, 255 (S.D.W. Va. 1995). This factor weighs against the plaintiff, given the long delay in filing the Motion. The plaintiff's assertion that discovery has revealed some facts that support a veil piercing claim against Mr. Ricci may be correct. However, the fact remains that apart from any additional facts that may have surfaced during discovery, the plaintiff had a sufficient basis for asserting such a claim before the deadline for

amending had passed based upon the information then available to the plaintiff.

(14) Even if the plaintiff were not bound by the November 20, 2009 deadline, it would not be appropriate under Rule 15 to allow an amendment that injected the veil piercing claim against Mr. Ricci at this late date. As a general rule, whether to permit the amendment of pleadings under Rule 15 is a matter within the discretion of the trial court. See Keller v. Prince George's Cnty, 923 F.2d 30 (4th Cir. 1991). The provision of Rule 15(a) which is controlling here provides that a party may amend a pleading only by leave of court or by written consent of the adverse party. Rule 15(a) specifically provides that "leave shall be freely given when justice so requires . . . ." Fed. R. Civ. Pro. 15. Even though the spirit of Rule 15(a) is tolerant toward amendments, the right to amend is not absolute. The central issue in motions for leave to amend pleadings is whether the amendment will result in undue prejudice to the opposing party. McCann v. Frank B. Hall & Co., Inc., 109 F.R.D. 363, 364-65 (N.D. Ill. 1986). In balancing the interests of the parties, a court should consider "the hardship to the moving party if leave to amend is denied, the reasons for the moving party failing to include the material to be added in the original pleading, and the injustice resulting to the party opposing the motion should it be granted." Id. at 365. One factor to be considered in deciding whether there will be undue prejudice

to the party opposing the amendment is whether it will be necessary to re-open discovery if the amendment is granted, since additional discovery may result in additional expenses to the opposing party and may delay the litigation. See OY Tilgman, AB v. Sport Publ'g Int'l, Inc., 110 F.R.D. 68, 70-71 (E.D. Pa. 1986).

(15) If the amendment to add the Twelfth Count is not allowed, the plaintiff will not have the veil piercing claim against Mr. Ricci. At the same time, however, the plaintiff has not shown any sound reason why the claim was not included in the First Amended Complaint or a timely motion to amend. On the other hand, the defendant argues that if the motion is granted as to the Twelfth Count, he will either have to proceed to trial without an opportunity to conduct adequate discovery or seek a delay of the trial in order to conduct additional discovery, and thereby incur additional litigation costs as well as additional delay in the disposition of this proceeding. In balancing the interests of the parties, the court has concluded that the equities weigh in favor of the defendant and that the motion to amend should be denied as to the Twelfth Count of the Second Amended Complaint.

(16) The remaining new allegations in the Second Amended Complaint are the allegations contained in paragraphs 31 through 40. These allegations relate primarily to the sale of certain furniture from a residence owned by Decofin, allegedly at the direction of Mr. Ricci. These allegations apparently involve

information that the plaintiff obtained after the deadline for amending the complaint had passed and thus could not have been included in the First Amended Complaint or added by an amendment before the deadline in the pre-trial order. Good cause thus exist for allowing the plaintiff to add these allegations, notwithstanding the deadline contained in the pre-trial order. Moreover, given the limited nature of the allegations, it does not appear that the defendant will be unduly prejudiced by the addition of these allegation at this time. Accordingly, the Motion will be granted as to the new allegations contained in paragraphs 31 through 40 of the Second Amended Complaint.

Now, therefore, it is ORDERED, ADJUDGED AND DECREED as follows:

(1) The plaintiff's Motion to Amend in the manner set forth in the Second Amended Complaint and to rejoin Decofin, LLC as a party to this proceeding is granted except for the allegations contained in the Twelfth Count of the Second Amended Complaint;

(2) The defendant's objection to plaintiff's Motion to Amend is sustained as to the Twelfth Count of the Second Amended Complaint and the Motion to Amend is denied as to the Twelfth Count;

(3) The Ninth, Tenth, and Eleventh Counts of the Second Amended Complaint are hereby severed from the other counts contained in the Second Amended Complaint and shall proceed

separately;

(4) The Second Amended Complaint is deemed to have been served on Defendant Ricci and Defendant Ricci shall have 21 days from the date of this order within which to serve an answer to the Second Amended Complaint incorporating his previous responses to the unchanged allegations and adding his response to the new allegations contained in paragraphs 31 through 40 and the Ninth, Tenth and Eleventh Counts of the Second Amended Complaint; and

(5) The plaintiff shall promptly serve Decofin, LLC with a summons and the Second Amended Complaint and Decofin, LLC shall have 21 days after being served within which to serve an answer to the Second Amended Complaint incorporating its previous responses to the unchanged allegations and adding its response to the new allegations contained in paragraphs 31 through 40 and the Ninth, Tenth and Eleventh Counts of the Second Amended Complaint.

This 23rd day of March, 2012.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

# PARTIES TO BE SERVE

Christine L. Myatt
Suite 100
701 Green Valley Rd.
P. O. Box 3463
Greensboro, NC 27408

Edwin Allman, III
Allman Spry Leggett & Crumpler, P.A.
Suite 700
380 Knollwood St.
P.O. Box 5129
Winston-Salem, NC 27113-512

Clint Shepperd Morse
Brooks Pierce McLendon Humphrey, et al
230 N. Elm St.
Greensboro, NC 27401

Katherine J. Clayton
P.O. Box 1800
Raleigh, NC 27602

Michael D. West
Bankruptcy Administrator
P.O. Box 1828
Greensboro, NC 27402

Stephen M. Packman

Douglas G. Leney

One Centennial Square

Haddonfield, NJ 08033

James A. Marx, Esquire

Blass Frankel & Marx, P.A.

2130 SunTrust International Center

One Southeast Third Avenue

Miami, FL 33131